IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN WALKER, | : | |
|     *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAIME SORBER *et al.*, | : | |
|     *Defendants* | : | No. 21-3477 |

**MEMORANDUM**

PRATTER, J.                                                                                                 NOVEMBER 10, 2022

Shawn Walker alleges that several of a state prison's responses to the COVID-19 global pandemic violated his constitutional rights. Mr. Walker filed two motions to compel discovery from the prison officials whom he named as defendants. The prison officials oppose Mr. Walker's motions to compel because they argue that the evidence he seeks is not relevant. For the reasons set forth below, the Court denies Mr. Walker's motions to compel.

**BACKGROUND**

Plaintiff Shawn Walker is a state inmate presently incarcerated at the State Correctional Institute at Phoenix ("SCI-Phoenix") in Collegeville, Pennsylvania. Like many prisons around the country, SCI-Phoenix was forced to confront the global COVID-19 pandemic and take steps to ensure the safety of its staff and inmate population. Mr. Walker's complaint takes issue with certain means and methods SCI-Phoenix deployed in responding to the COVID-19 pandemic. He has sued the Superintendent of SCI-Phoenix, Jaime Sorber, in both his individual and official capacities, the former Secretary of the Pennsylvania Department of Corrections, John Wetzel, in his individual capacity, and the current Secretary of the Pennsylvania Department of Corrections, George Little, in both his individual and official capacities.

The factual allegations asserted in Mr. Walker's complaint were laid out in detail in this Court's Opinion granting in part, and denying in part, the defendants' motion to dismiss. *Walker v. Sorber et al.*, No. 21-cv-3477, 2022 WL 4586137, at *1–2 (E.D. Pa. Sept. 29, 2022). Only the facts relevant to Mr. Walker's motions to compel are restated here:

> On July 29, 2021, three vaccinated prisoners at SCI-Phoenix tested positive for COVID-19. On that day, Superintendent Sorber directed the unit manager of Mr. Walker's cell-block to go to Mr. Walker's cell and inform him that he would be tested for COVID-19 and quarantined in his cell but that if he refused to be tested, he would be moved out of his cell-block and placed into quarantine isolation. Only unvaccinated inmates, approximately 36 out of the 275 on Mr. Walker's cell-block, were quarantined and told they would be quarantined in isolation if they refused testing. Mr. Walker received a nasal swab test for COVID-19 that was administered by one of the nurses at SCI-Phoenix. After he received the nasal swab, "it felt like something exploded in Mr. Walker's head" and his head and nostrils were in pain. Mr. Walker assented to the nasal swab only because he did not want to be moved off of his housing block. Two days later, his COVID-19 test came back as negative. During this two-day period, Mr. Walker was allowed out of his cell for one hour each day between the hours of 11:30 a.m. and 12:30 p.m. in order to shower, use the phone, access the kiosk, and recreate in the yard. He was not allowed to use the law library, have any visits, attend school, or leave the housing unit during this time. On August 2, 2021, a doctor examined Mr. Walker following his complaints about the COVID-19 nasal swab and prescribed him naproxen.
>
> . . . .
>
> On December 16, 2021, Mr. Walker was supposed to visit with an attorney at SCI-Phoenix. However, when he attempted to meet with the attorney he was denied and told that the unvaccinated prisoners in R-Unit [a separate housing block to which all unvaccinated prisoners, including Mr. Walker, were sent] were not allowed into the visiting room at SCI-Phoenix.

*Id.* (footnote omitted).

Mr. Walker alleged six counts against the defendants under 42 U.S.C. § 1983: two Fourteenth Amendment Due Process claims, two First Amendment claims, one Eighth Amendment claim, and one Fourteenth Amendment Equal Protection Claim. The Court granted the defendants' motion to dismiss all of the Counts in Mr. Walker's complaint except for Count II, which alleges a claim for the deprivation of a state-created liberty interest.

2

Pending the resolution of the motion to dismiss, Mr. Walker filed two motions to compel Mr. Sorber's responses to his interrogatories. In his first motion to compel, Mr. Walker seeks evidence regarding the individual who administered Mr. Walker a COVID-19 nasal swab test at SCI-Phoenix on July 29, 2021. In his second motion to compel, Mr. Walker seeks evidence regarding the individual that denied Mr. Walker his legal visit at SCI-Phoenix on December 16, 2021. Mr. Sorber, Mr. Little, and Mr. Wetzel oppose both motions on the grounds that the evidence sought is not relevant under Federal Rule of Civil Procedure 26(b)(2)(C).

## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim* or defense . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). Courts are permitted to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). Here, the evidence that Mr. Walker seeks to compel is not relevant to any party's claims because the evidence sought relates to claims that were dismissed for failing to state a claim. Discovery of this evidence is therefore outside the scope of Rule 26(b)(1), so Mr. Walker's motions to compel will be denied. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

In his first motion to compel, Mr. Walker seeks the name, title, and duties of the individual who administered the nasal swab test to him at SCI-Phoenix on July 29, 2021, as well as the name and address of the medical care provider who employed that individual. Mr. Walker asserts that this evidence is relevant because he alleged an Eighth Amendment claim based on the nasal swab test. He contends that he experienced pain in his head and nostrils after the nasal swab test was administered.

This Court concluded that Mr. Walker failed to state an Eighth Amendment claim and granted the defendants' motion to dismiss this claim. *Walker*, 2022 WL 4586137, at *4. The nasal

3

swab COVID-19 test was a *de minimis* use of force and thus not sufficient to state an Eighth Amendment claim. *See Boreland v. Vaughn,* No. 92-cv-0172, 1993 WL 62707, at *6 (E.D. Pa. Mar. 3 1993), *aff'd,* 22 F.3d 300 (3d Cir. 1994) (granting summary judgment after finding no Eighth Amendment claim based on injecting an inmate with a needle against his will); *Walker v. James,* No. 03-cv-3541, 2007 WL 210404, at *8 (E.D. Pa. Jan. 23, 2007) (granting motion to dismiss Eighth Amendment claim based on blood-draw DNA sample); *see also Reyes v. Chinnici,* 54 F. App'x 44, 47 (3d Cir. 2002) (finding "[a] single punch to avoid being spit upon" insufficient to assert an Eighth Amendment claim). Further, Mr. Walker did not allege that any of the named defendants were involved in the July 29, 2021 COVID-19 nasal swab test, either in their individual or official capacities. Thus, Mr. Walker failed to allege any Eighth Amendment claim. Because there is no longer a claim based on the nasal swab test, the evidence relating to the individual that performed the test is not relevant.

In his second motion to compel, Mr. Walker seeks the name, title, and duties of the individual who deprived him access to his legal visit at SCI-Phoenix on December 16, 2021. Mr. Walker asserts that this evidence is relevant because he alleged that he was denied access to the courts when he was deprived of this legal visit with his attorney.

This Court concluded that even construing Mr. Walker's complaint liberally, he failed to state an access to courts claim. *Walker,* 2022 WL 4586137, at *12–13. Mr. Walker did not allege that he lost a chance to pursue a pending claim, did not identify how lack of access to legal materials or a legal visit with his attorney injured him, and did not allege that he had no other remedy available following the missed legal visit. *Id.* at *13. The Court granted the defendants' motion to dismiss this claim. Because there is no longer a claim regarding Mr. Walker's access to

courts, the evidence relating to the individual that deprived Mr. Walker of his legal visit with his attorney is irrelevant.

## CONCLUSION

Because the evidence Mr. Walker seeks to compel is not pertinent to his single remaining claim and is therefore beyond the scope of Rule 26(b)(1), the Court denies Mr. Walker's motions to compel without prejudice.[1] An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] If in the future the contours of this litigation change in such a way so to make the requested information germane, the Court will entertain a renewed motion.